Harry B. Frank, J.
This action for separation was tried before the court on October 2 and October 3, without a jury. Plaintiff and defendant were represented by counsel, and after considerable discussion in chambers in which both plaintiff and her counsel participated, various conflicts between the parties were adjusted, and a stipulation was entered into. The terms of the stipulation had the full approval of both the plaintiff and her attorney.
Testimony was thereafter taken in open court with regard to the facts which would entitle plaintiff to a separation, and sufficient facts were established, in the court’s opinion, to warrant the granting of a decree of separation. Plaintiff was also given a full opportunity to present evidence of her needs and those of her children. The husband’s income tax returns were offered in evidence, and the court was fully apprised as to his income. On the basis of all the evidence submitted, the court was of the opinion that the provisions for support of the plaintiff and the two children of the marriage were fair and equitable.
Subsequent to the taking of testimony, and after proposed findings of fact and conclusions of law were submitted to the court, but before the court acted thereon, an incident arose which the court will not discuss herein, but which is fully related by the plaintiff in her affidavit in support of this motion. This in the court’s opinion warranted conference between the parties and their counsel. At the trial, the plaintiff, Mrs. Friedberg, was represented by her attorney of record, Martin Evans, and at the conference thereafter Mr. Evans appeared together with the present firm of attorneys, who have brought on this motion. The court was advised that they were acting together herein, and that in the future the attorneys of record for Mrs. Freidberg would be Duncombe, Oltarsh & Schott.
Thereafter, considerable correspondence was exchanged between counsel, which was in effect an attempt to retry the *192 issues by mail, with many misstatements of fact appearing therein.
Paragraph 12 of the stipulation provides the following: “12. In the event that the Court finds that the plaintiff is entitled to a separation, both parties will request the Court to invoke its discretion pursuant to Section 1164 of the Civil Practice Act to require the defendant to provide suitably for the education and maintenance of the children and the support of the plaintiff, as justice requires, having regard to the circumstances of the respective parties, without rendering a judgment of separation.” Mindful of this provision in the stipulation, and in view of the subsequent charges made by the defendant, in the discretion of the court, the decree, while finding facts sufficient to warrant a separation, did not render a judgment of separation. (See Civ. Prac. Act, § 1164.)
The court is of the opinion that no facts have been shown herein warranting the setting aside of the decree and judgment, and the motion is accordingly denied.
Settle order in accordance herewith.